**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| TYSHON RATLIFF, | ) | |
| | ) | Civil Action No. 08-3061 (GEB) |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM OPINION** |
| v. | ) | |
| | ) | |
| TOWNSHIP OF SOUTH BRUNSWICK, SOUTH BRUNSWICK POLICE DEPARTMENT, MAYOR OF SOUTH BRUNSWICK, POLICE DIRECTOR OF SOUTH BRUNSWICK, BUSINESS DIRECTOR OF SOUTH BRUNSWICK, CHIEF OF POLICE OF SOUTH BRUNSWICK, et al., | ) | |
| Defendants. | ) | |

**BROWN, Chief Judge**

This matter comes before the Court upon the Motion for Summary Judgment (Doc. No. 39) of the defendants Township of South Brunswick, South Brunswick Police Department, Mayor of South Brunswick, Police Director of South Brunswick, Business Director of South Brunswick, and Chief of Police of South Brunswick, (collectively "Defendants"). The plaintiff Tyshon Ratliff ("Plaintiff") opposes the motion. The Court, having considered the parties' submissions and having decided the motion without oral argument pursuant to Federal Rule of Civil Procedure 78, will grant Defendants' motion.

1

I. **BACKGROUND**

The instant action arises from the June 12, 2006 arrest and subsequent detention of the Plaintiff at the Middlesex County Adult Correctional Center. On April 24, 2006, South Brunswick Police Officers were conducting surveillance at the South Brunswick Manor "based on a tip from a reliable confidential informant" regarding drug activity on the premises. (Defs.' 56.1 Stmt. at ¶12; Doc. No. 39-2.) The confidential informant told them that "a black male would be going into room 118 at that location around 9:00 p.m. with crack cocaine." (Id. at ¶13.) During the surveillance, officers observed a yellow, four-door Ford Escape "drive the wrong way into the South Brunswick Manor parking lot and pull up onto the sidewalk in front of Room 118." (Id. at ¶14.) A black male emerged from the passenger side of the vehicle and proceeded toward room 118, while the black male driver remained in the vehicle. (Id.) When officers approached and identified themselves, the passenger fled on foot, and the driver drove away in the vehicle and escaped apprehension. (Id. at ¶¶16,17.)

The passenger who fled on foot was apprehended by the police and brought to the South Brunswick Police Department headquarters. (Id. at ¶18.) At police headquarters, the passenger identified the driver of the vehicle as "Old School". (Id. at ¶19.) In continuing their investigation, officers from the South Brunswick Police Department discovered that the Plaintiff was also known by his alias "Old School" and often associated with the owner of the vehicle's grandson. (Id. at ¶22.)

As a result of their investigation, officers obtained a warrant for Plaintiff's arrest, which was authorized by South Brunswick Municipal Judge, The Honorable Glynn Dwyer, J.M.C. (Id. at ¶¶ 24,25.) On June 12, 2006, Plaintiff was stopped for a traffic violation and was then

arrested on the outstanding warrant. (Id. at ¶26.) Plaintiff was detained at the Middlesex Country Adult Correction Center from June 12, 2006, until August 22, 2006.  (Id.)

At some point during Plaintiff's detention, officers from the South Brunswick Police Department received a phone call indicating that the Plaintiff may not have been the driver of the Ford. (Id. at ¶ 27.) Subsequently, officers spoke again with the passenger in the Ford who then recanted his statement and told the officers that an individual named "T.U." was the driver at the time of the incident. (Id. at ¶ 31.) On August 22, 2006, Plaintiff was released. (Id. at ¶ 33.) Plaintiff filed the instant action in this court on June 12, 2008.  (Doc. No. 1.)  On October 17, 2008, Defendants filed their answer to the complaint. (Doc. No. 2.)  On November 24, 2009, this Court entered an order voluntarily dismissing all of Plaintiff's state law based claims except those based on the New Jersey State Constitution, as such was stipulated by the parties. (Doc. No. 22.)  Plaintiff through his remaining claims alleges Defendants violated his civil rights under the Constitution of the United States and the New Jersey State Constitution. (Doc. No. 1.) Defendants filed a Motion for Summary Judgment on August 27, 2010. (Doc. No. 39.)  Plaintiff filed opposition to that motion and Defendant filed a response to Plaintiff's opposition. (Doc. Nos. 45, 49.)   The Court's consideration of this motion follows.

## II. DISCUSSION

### A. Standard of Review

A party seeking summary judgment must "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  The threshold inquiry is

whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986) (noting that no issue for trial exists unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict in its favor). In determining whether triable issues of fact exist, the Court must view the underlying facts and draw all reasonable inferences in favor of the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Pennsylvania Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995); Hancock Indus. v. Schaeffer, 811 F.2d 225, 231 (3d Cir. 1987).

Pursuant to Local Civil Rule 56.1, when moving for summary judgment, the moving party shall furnish a statement ("56.1 Statement"), which sets forth material facts as to which there does not exist a genuine issue. LOC. R. CIV. P. 56.1. The opponent of the motion for summary judgment shall furnish a responsive statement of material facts, addressing each paragraph of the movant's statement, indicating agreement or disagreement. Id. Any material fact not disputed shall be deemed undisputed for purposes of the summary judgment motion. Id.

### B. Analysis

The Court has considered both the 56.1 Statement submitted by Defendants in support of their Motion for Summary Judgment and that submitted on behalf of Plaintiff in opposition thereto. While Plaintiff's responsive 56.1 Statement does not comply with the specific requirements of the Rule, the Court nevertheless has accepted and considered it. However, the facts relied upon by this Court in reaching its decision are uncontested and undisputed. In

addition, while the Court has reviewed each and every argument stated by Plaintiff in his brief in opposition to the motion, the Court concludes that these arguments are not responsive to those stated by Defendants in support of their motion.[1]

        1.     Plaintiff's Claims Against Township of South Brunswick pursuant to 42 U.S.C. § 1983

Defendants move for summary judgment with respect to Plaintiff's claims against the Township of South Brunswick claiming that Plaintiff has failed to meet the burden of proof as required under Monell v. Department of Social Service City of New York, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). (Doc. No. 39.) This Court agrees.

"[W]hen a suit against a municipality is based on § 1983, the municipality can only be liable when the alleged [action] implements or executes a policy, regulation or decision officially adopted by the governing body or informally adopted by custom." Beck v. City of Pittsburgh, 89 F.3d 966, 971 (3d Cir. 1996); see also Monell, 436 U.S. at 691. "Congress did not intend municipalities to be held liable unless actions pursuant to official municipal policy of some nature caused a constitutional tort." Monell, 436 U.S. at 691. Further, "a municipality cannot be held liable solely because it employs a tort feasor." Id. In clarifying this doctrine, the Third Circuit has held that in order for a plaintiff to establish a claim for failure to train, the plaintiff must: (1) "identify specific training not provided that could reasonably expect to prevent the alleged constitutional violation"; and (2) "demonstrate that the risk reduction associated with the

---

[1] To this end, the Court notes that on September 27, 2010, it ordered that Plaintiff's attorney be permitted extra time to file opposition to this motion.

proposed training is so great and so obvious that the failure of those responsible for the content of the training program to provide it can reasonably be attributed to a deliberate indifference to the rights of those in similar situations as the plaintiff." Colburn v. Upper Darby Township, 946 F.2d 1017, 1030 (3d Cir. 1991).

In the instant matter, Plaintiff has failed to identify any policy or custom implemented by the Township of South Brunswick that caused the alleged damage and he has also failed to identify any particular training or policy that should have been required that was not. It is undisputed that Plaintiff testified at his deposition the following: "I just know I'm suing South Brunswick. I don't even know who these people were. I know somebody from that department made a big mistake, so I'm suing them." (Defs.' 56.1 Stmt. ¶36.) It is also undisputed that "[t]here is no evidence in the record that Defendants, Township of South Brunswick . . . failed to supervise South Brunswick police officer." (Id. at ¶41.) In addition, with regard to the alleged failure to supervise, it is an undisputed fact that the Plaintiff admitted to having no knowledge of other similar incidents occurring in South Brunswick. (Id. at ¶39.) Therefore, even when drawing all reasonable inferences in favor of the non-moving party, under Monell and its progeny, Plaintiff's claim must fail. Thus, this Court grants Defendants' Motion for Summary Judgement with regard to Plaintiff's claims against the Township of South Brunswick.

      2.      Plaintiff's Claims Against the Township of South Brunswick Police Department

Defendant moves for summary judgment on Plaintiff's claims against the South Brunswick Police Department asserting that the Police Department is not an separate entity

independent from the municipality. (Doc. No. 39.)  This Court agrees.

The Third Circuit has held that "the municipality and its police department [are treated] as a single entity" for purposes of federal constitutional claims." Boneberger v. Plymouth Township, 132 F.3d 20, 25 n.4 (3d Cir. 1997).  Accordingly in this matter, the Township of South Brunswick Police Department will not be considered as a separate entity from the Township because it is an arm of the municipality.  This Court discussed Plaintiff's claims against the municipality in the proceeding section of this opinion and granted summary judgment thereupon.  For these reasons, Defendants' Motion for Summary Judgment is granted as it applies to the Township of South Brunswick Police Department.

3. Plaintiff's Claims Against Individually Named Defendants pursuant to 42 U.S.C. § 1983

Defendants move for summary judgment with respect to Plaintiff's claims against the individually named defendants: the Mayor of South Brunswick, the Police Director of South Brunswick, the Business Director of South Brunswick, and the Chief of Police of South Brunswick (collectively "the individually named defendants").  (Doc. No. 39.)[2]  This Court will grant Defendants' motion with regard to the individually named defendants for the following reasons.

A government official sued in his or her individual capacity for alleged constitutionally tortious behavior cannot be held liable on a respondeat superior theory or on the basis of some

---

[2] Plaintiff agreed to voluntarily dismiss any claims against the Police Director of South Brunswick because the Township of South Brunswick does not have a Police Director (Defs.' 56.1 Stmt. at ¶36).

general link to allegedly responsible individuals or actions. See Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009). In order for any of the individually named defendants to be liable under § 1983, they must have participated or had personal knowledge of and acquiesced in the actions which the plaintiff claims to have deprived him of his constitutional rights. See Rode v. Dellarciprete, 845 F.2d 1195. "[A] plaintiff must plead that each Government-official defendant, through the official's own actions, has violated the Constitution." Iqbal, 129 S. Ct. at 1948.

A state official may be held responsible under § 1983 for exercising or failing to exercise supervisory authority, but this is only if that official "has exhibited deliberate indifference to the plight of the person deprived." Sample v. Diecks, 885 F.2d 1099, 1118 (3d Cir. 1989). Accordingly, a plaintiff asserting a failure to supervise claim must not only identify a specific supervisory practice that the defendant failed to employ, but also, the Plaintiff must allege "both (1) contemporaneous knowledge of the offending incident or knowledge of a prior pattern of similar incidents, and (2) circumstances under which the supervisor's inaction could be found to have communicated a message of approval." Bonenberger v. Plymouth Township, 132 F.3d 20, 25 (3d Cir. 1997) (quoting Colburn v. Upper Darby Township, 838 F.2d 663, 673 (3d Cir. 1988)).

In the instant matter, it is undisputed that no evidence exists in the record that "the individually named defendants . . . had any involvement in the underlying investigation, arrest and/or subsequent imprisonment or prosecution of plaintiff." (Defs.' 56.1 Stmt. at ¶40.) Therefore, it appears that the sole allegation in Plaintiff's complaint against the individually named defendants is that they are liable on a theory of supervisory liability because they hold "the responsibility for the conduct of their respective agents, servants, employees, and

representatives." (Compl. ¶17-18.)

However, it is undisputed that "[t]here is no evidence in the record that [individually named] Defendants . . . failed to supervise South Brunswick police officers." (Defs.' 56.1 Stmt. at ¶ 41.) As stated above, it is also undisputed that the Plaintiff, when asked at this deposition whether he was aware or not that he was suing each of the various named defendants, testified, "I just know I'm suing South Brunswick. I don't even know who these people were. I know somebody from that department made a big mistake, so I'm suing them." (Defs.' 56.1 Stmt. ¶ 36). Plaintiff has merely established a general link between the individually named defendants in this matter and the alleged tort-feasors. Therefore, this Court grants Defendants' motion for summary judgement with regard to Plaintiff's claims against the individually named defendants.

    4.    <u>New Jersey State Constitutional Claims</u>

Plaintiff has alleged generally that Defendants' actions violated his civil rights under the "laws" and "Constitution and Amendments Thereto" of the State of New Jersey. (Doc. No.1) This Court need not attempt to determine under which specific provisions the Plaintiff's claims might fall.

In addition, pursuant to 28 U.C.S. § 1367(c), a district court has discretion to decline supplemental jurisdiction over a claim if: (1) "the claim raises a novel or complex issue of State law"; (2) "the claim substantially predominates over the claim or claims over which the district court has original jurisdiction"; (3) "the district court has dismissed all claims over which it has original jurisdiction"; or (4) "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." This determination is discretionary and "[t]he general approach is for a

9

district court to . . . hold that supplemental jurisdiction should not be exercised when there is no longer any basis for original jurisdiction." Covington v. Int'l Ass'n of Approved Basketball Officials, No. 08-3639, 2010 U.S. Dist. LEXIS 88088, *14 (D.N.J. Aug. 26, 2010) (citation and internal quotes omitted); see also City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 172 (1997) ("pendent jurisdiction 'is a doctrine of discretion, not of plaintiffs right,' and that district courts can decline to exercise jurisdiction over pendent claims for a number of valid reasons") (citing United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966)).  Because this Court has granted summary judgment in favor of Defendants with respect to all federal claims, this Court concludes that it will decline to exercise supplemental jurisdiction over the Plaintiff's claims asserted pursuant to New Jersey State law.

### III. CONCLUSION

For the forgoing reasons, Defendants' Motion for Summary Judgment is granted.  An appropriate form of order accompanies this opinion.

Dated: February 9, 2011

                                               s/ Garrett E. Brown, Jr.
                                               GARRETT E. BROWN, JR., U.S.D.J.